**Borough of Wilkinsburg Viewers**

*Sylvan Libson* and *Fred C. Cohen,* for condemnor.

WEIS, J., February 3, 1970.—The Redevelopment Authority of Allegheny County duly filed a petition in this court for the appointment of a board of viewers to assess damages for condemnation of certain property owned by William L. Bauman and a number of corporations in which he had an interest. No formal hearing has yet been held by the viewers, but the authority now petitions this court to allow discovery pursuant to Pa. R.C.P. 4009, specifically directing the persons and entities having an interest in the property to produce certain books, records and income tax returns. This request had been made to the board of viewers which refused to order such production. The condemnor now contends that this court has the authority to order such production, despite the ruling of the viewers.

Act No. 137 of 1969, a very recent amendment to the Eminent Domain Code, provides that section 510 shall now read:

"Section 510. Powers of Viewers. The Viewers shall have power to administer oaths and affirmations, [to compel the attendance of witnesses, the production of books and documents,] and to adjourn the proceedings from time to time. *Upon request of the viewers or a party, the court which appointed the viewers shall issue a subpoena to testify or to produce books and documents.* All the viewers shall act, unless prevented by sickness or other unavoidable

cause; but a majority of the viewers may hear, determine, act upon and report all matters relating to the view for which they were appointed." (Wording of amendment italicized, bracketed verbiage that of the code as originally enacted.)

This amendment is obviously designed to make subpoenas available to force production of documents *at the hearing* and to remove the question of implementing the board's power "to compel" granted under the original code provisions. We do not believe that the amendment has any application to discovery procedures.

Pennsylvania Rule of Civil Procedure 4001 reads as follows:

"(a) The rules of this chapter apply to any civil action or proceeding at law or in equity brought in or appealed to any court which is subject to these rules . . .

"(b) As used in this chapter 'court', unless the context clearly indicates otherwise, means the court in which the action is pending."

The authority argues that since the board of viewers was appointed by this court, it retains jurisdiction for all purposes.

We think, however, that the authority misunderstands the relationship between the common pleas court and the board of viewers which is a creature of statute, endowed with certain powers by the legislature. As the Supreme Court said in Commonwealth ex rel Kelley v. Cantrell, 327 Pa. 369, 376:

"The Board of Viewers is not part of the judicial system of the Commonwealth, nor is the procedure established by it necessary to the realization of the right to compensation upon the taking of private property, as guaranteed to a property owner by the Constitution of Pennsylvania. Proceedings before it are merely a preliminary step, provided by statute to

ascertain the damages and to afford a report or estimate which may be the basis for an agreement between the condemning body and the property owner, fixing the damages to be paid. It saves in many instances the time and expense of a jury trial."

It should be noted, too, that the proceedings before the board of viewers are intended to be informal in nature. For example, section 701 of the code provides that the viewers may hear such testimony or receive such evidence or make such independent investigation as they deem appropriate without being bound by formal rules of evidence. The procedure before this court is certainly quite different.

We see nothing in Pa. R.C.P. 4001 which would indicate that it is to be applied to proceedings before board of viewers. As we read the rule, it would make discovery available only after an appeal has been taken to the court of common pleas. We cannot ignore the language in section 515 of the Eminent Domain Code of June 22, 1964, P.L. 84, which provides that a party aggrieved "may appeal to the Court of Common Pleas," which implies that there is a distinction between the viewers' proceedings and the litigation in this court. We do not subscribe to the contention that all proceedings before the viewers are simply an extension of this court's jurisdiction.

Discovery is not an unmixed blessing. While its use has been beneficial in many cases to enable facts to be ascertained in advance of trial, it is also true that on many occasions it has unduly delayed and complicated litigation. Extensive use of discovery in proceedings before the board of viewers would surely prevent persons who do not wish to be represented by counsel from presenting their cause and would also change what was originally intended to be an informal and speedy proceeding into involved and unduly lengthy litigation.

One practical difficulty which readily presents itself is the fact that discovery under the procedural rules is limited to matters which are relevant. However, the Eminent Domain Code provision concerned with testimony before the board of viewers does not contain any such restriction. We would, therefore, be without any guidelines to determine the permissible limits of discovery in causes before the board of viewers. We would also be applying different standards in these proceedings than those in cases which are appealed to the court.

It may be, as the authority contends, that if an appeal is taken to the court, the discovery now being sought would be within the purview of the rules. However, we must remember, too, that not every case is appealed and that the limitation of discovery to appeal cases would be consistent with the spirit of the board of viewers' concept.

Snitzer, Pennsylvania Eminent Domain §701-1 reads, in part:

"The purpose of viewers is now to be a preliminary step in the determination of condemnation damages in order to effect speedy settlements."

Section 701-2:

". . . it is improper for the courts to determine preliminarily questions that should be decided by the viewers."

Even if we were to conclude that the discovery rules were applicable, we would be reluctant to overrule the decision of the board of viewers regarding a question of discretion. We choose, however, to rest this decision on the basis that there is no discovery available, since there is no specific grant for such procedure either in the procedural rules or in the Eminent Domain Code.

Accordingly, the motion for production of documents filed by the condemnor, Redevelopment Authority of Allegheny County, is denied.

### ORDER

And now, February 3, 1970, it is hereby ordered that the motion for production of documents filed by the condemnor, Redevelopment Authority of Allegheny County, is denied.